# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF FLORIDA

# (PENSACOLA DIVISION)

**NICHOLAS SCHNEIDER**

### PETITIONER

**V.**                                    **CASE NO. 3:08CR7-001-LAC**

**UNITED SATES OF AMERICA**

### RESPONDENT

---

## MOTION PURSUANT TO

## TITLE 18 U.S.C. § 3582 (c)(2)

---

COMES NOW, **NICHOLAS SCHNEIDER** , pro se Petitioner, and humbly requests this Honorable Court accept this Motion pursuant to *__Title 18 U.S.C. § 3582 (c)(2).__*

## LIBERAL INTERPRETATION

The Petitioner brings this motion as a pro se litigant. A pro se pleading is held to a less stringent standard than more formal petitions drafted by lawyers. *__Haines V. Kerner, 404 U.S. 519, 520, 90 S. Ct. 594, 30 L. Ed. 652 (1972).__*

## JURISDICTION

The District Court retains the original jurisdiction over the charge brought by the United

States of America in the Northern District of Florida in Pensacola.

## CASE HISTORY

Petitioner was arrested on January 24, 2008 and indicted by a sitting Grand Jury in the Northern District of Florida for conspiracy and possession with intent to distribute narcotics.

Petitioner plead guilty on March 5, 2008 and was sentenced on June 18,2008 to 120 months imprisonment and a 4 year term of supervised release.

### Title 18 U.S.C. § 3582(c)(2) ANALYSIS

The plain language of *Title 18 U.S.C. 3582 (c)(2)* imposes the requirement that a retroactive amendment lowers a Petitioner's "sentencing range" before relief is authorized. The statute provides:

"The court may not modify a term of imprisonment once it has been imposed except.... (2) in a case of a Petitioner who has been sentenced to a a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to *Title 28 U.S.C. § 994 (o)* .

As a general rule, a district Court may not modify a term of imprisonment once it has been imposed . *18 U.S.C. § 3582(c)(2)* ; *DILLON V UNITED STATES, 560 U.S. 817, 817 130 S. Ct. 2683, 2687 177 L. Ed 2d 271(2010)* .. Several exceptions to this rule exist. Section **3582(c)(2)** enables a district court to reduce an already imposed sentence.

In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth under *Title 18 U.S.C. § 3553(a)* to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *18 U.S.C. § 3582(C)(2)* (EMPHASES ADDED); see also *UNITED STATES V BRAVO, 203 F. 3d 78, 780-81(11th. Cir. 2000)* .. The applicable policy statement for § 3582(c)(2 ) is **U.S.S.G. § 1B1.10** . *DILLON, 130 S. Ct. at 268.* "The statute thus establishes a

two-step inquiry. A court must first determine that a reduction is consistent with § **1B1.10** before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § **3553(a)."Id at 269.**

## AMENDMENT 782 ANALYSIS

The United States Sentencing Commission on April 14, 2014, after extensive study and input by the public, passed what has come to be known as Drugs -2 Amendment to the Sentencing Guidelines.. This Amendment to the Guidelines reduces the Drug Quantity Table for all drug types by two points.

At the initial hearing it was not ruled upon if the change to the Drug Quantity Table under the United States Sentencing Guidelines § **2D1.1** was to be made retroactive.

On July 18, 2014, the Sentencing Commission voted unanimously to make the Drug -two Amendment to the Guidelines retroactive.

## ARGUMENT AND SUPPORTING FACTS

Nicholas Schneider was indicted in the Northern District of Florida for conspiracy & possession with intent to distribute narcotics.

Petitioner at sentencing had a base offense level of 29. The Government moved and the Petitioner was granted a 3 point reduction for acceptance of responsibility for an adjusted offense level of 26 with a criminal history category of VI. Petitioner was sentenced to a 120 month term of imprisonment.

## ORIGINAL GUIDELINE CHART

| | |
|---|---|
| ORIGINAL BASE OFFENSE LEVEL | 29 |
| -ACCEPTANCE OF RESPONSIBILITY | -3 |
| ADJUSTED BASE OFFENSE LEVEL | 26 |
| CRIMINAL HISTORY CATEGORY | VI |

GUIDELINE RANGE                    120-150 MONTHS

In consideration of the retro-active  Amendment 782 Petitioner contends that the following
Guidelines apply.

Base Offense level 29 minus a two level reduction for Amendment 782 for an adjusted base offense
level of 27, minus the 3 point reduction for acceptance for an adjusted base offense level of 24 and
a criminal history VI for an adjusted guideline range of 100-125 months.

     The Petitioner humbly points out at sentencing that he was given the low end of his
guideline range, and since sentencing has become an active participant in his rehabilitation.

## AFTER AMENDMENT 782

| | |
|---|---|
| BASE OFFENSE LEVEL | 29 |
| -ACCEPTANCE OF RESPONSIBILITY | -3 |
| - U.S.S.G. 782 AMENDMENT | -2 |
| TOTAL AFTER REDUCTION | 24 |
| CRIMINAL HISTORY CAT. | VI |
| ADJUSTED GUIDELINE RANGE | 100-125 MONTHS |

## TITLE 18 U.S.C. S 3553(a) ANALYSIS

     In consideration of a sentence reduction after identifying that a Petitioner is eligible to
receive one pursuant to step one in **DILLON,**  the court is required to consider factors set forth
under *Title 18 U.S.C. § 3553(a)* .

Factors to be considered in imposing a sentence.  The court shall impose a sentence sufficient, but
not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.
The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant,

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment

for the offense.

(B) to afford adequate deterrence to criminal conduct,

(C) to protect the public from further crimes of the de-

defendant, and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner.

(3) the kinds of sentences available,

(4) the kinds of sentencing range established for--

In regards to § 3553(a) factors the Petitioner contends that the Court in fashioning a sentence can look not only to the charge imposed and sentenced for but can also view the changes Petitioner is making in his life. There is no impediment to the Court within its discretion reducing the Petitioner's sentence. A sentence of 100 months would instill respect for the law but still punish the Petitioner for his crime.

Moreover in fashioning a sentence the court can "tailor a sentence in light of statutory concerns." *PEPPER V UNITED STATES U.S. 131 S. Ct. 1229, 1241, 179 L. Ed 2d 196(2011).*

Petitioner humbly presents for the Courts consideration the issue of his post conviction rehabilitation in fashioning a sentence.

Petitioner contends that since his incarceration at FCC Forrest City-Medium he has:

**EDUCATIONAL**

1) Been an active participant in his rehabilitation by enrolling and

completed the following Adult Continuing Education Classes:

a) Drug abuse education course

b) Job searching skills class

c) Resume building workshop

d) Raising a child in troubled times

Furthermore, Petitioner is currently enrolled the 500 hour residential drug program RDAP. Petitioner is employed on the outside recreation yard. Petitioner further contends he has had no incident reports during his term of incarceration.

**(SEE ATTACHMENT A)**

Petitioner is striving to develop a skill set that will assist in his re-entry into society. The programing that he is currently engaged in is allowing him to reduce his chances of re-offending in the future and in becoming a productive member of society.

## CONCLUSION

Petitioner humbly contends he meets the eligibility requirements under **DILLON** for the two point reduction Pursuant to Amendment 782. Petitioner also humbly points out that under § **3553(a)** factors there are no impediments in granting the reduction.

Petitioners active participation in rehabilitation programing and his participating in educational programs is a testament to his want to become a productive member of society upon release.

## RELIEF REQUESTED

Petitioner requests the court modify his term of incarceration by imposing a sentence of 100 months under *Title 18 U.S.C. S 3582(c)(2)*, and issue any and all appropriate orders.

WHEREFORE, the Petitioner prays the Court will GRANT the relief requested due to the foregoing argument.

## DECLARATION

I, **Nicholas Schneider**, do declare under the penalty of perjury pursuant to **Title 28 U.S.C. § 1746**, that the foregoing is true and correct to the best of my knowledge. Signed on this __3__

day of November , 2014.

Respectfully Submitted

Nicholas Schneider

Reg. No.  06919-017

FCC Forrest City-Med

P.O. Box 3000

Forrest City, AR  72336

# CERTIFICATE OF SERVICE

I, **Nicholas Schneider**, do hereby certify that I have sent one true and correct copy via United States Postal Service with Prepaid First Class Postage affixed to the Clerk of the Court for the Northern District of Florida at One North Palafox Street, 2nd Floor in Pensacola, Florida 32502. Signed on this __3__ day of __November__, 2014.

Respectfully Submitted,

Nicholas Schneider
Reg. No. 06919-017
FCC Forrest City-Med
P.O. Box 3000
Forrest City, AR 72336

# ATTACHMENT A

```
    FOMCW        *              INMATE EDUCATION DATA           *        10-22-2014
  PAGE 001 OF 001 *                  TRANSCRIPT                 *        09:49:10

  REGISTER NO: 06919-017     NAME..: SCHNEIDER                      FUNC: PRT
  FORMAT.....: TRANSCRIPT    RSP OF: FOM-FORREST CITY MED FCI

  --------------------------- EDUCATION INFORMATION ---------------------------
  FACL ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP DATE/TIME
  FOM  ESL HAS    ENGLISH PROFICIENT            10-21-2008 0924 CURRENT
  FOM  GED HAS    COMPLETED GED OR HS DIPLOMA   12-22-2008 1004 CURRENT

  --------------------------- EDUCATION COURSES ---------------------------
  SUB-FACL    DESCRIPTION                     START DATE  STOP DATE EVNT AC LV  HRS
  FOM RDAP    RESUME WORKSHOP                 07-14-2014 08-04-2014  P  C  P     4
  FOM RDAP    JOB SEARCH TECHNIQUES           07-15-2014 08-05-2014  P  C  P     4
  TDG         RPP1 AIDS AWARENESS             07-25-2012 07-25-2012  P  C  P     1
  YAZ         RPP1 DRUG EDUCATION             10-31-2011 11-14-2011  P  C  P    13
  TCP         USP HEALTH FAIR                 09-29-2010 09-29-2010  P  C  P     2
  COP         ACE INTRO FINANCE:M/W1830-1930 01-28-2009 04-28-2009  P  C  P    20
  COP         ACE BUSINESS M/W:1930-2030      01-05-2009 04-28-2009  P  C  P    20
  COP         FIELS MAINTENANCE CLASS         10-20-2008 12-14-2008  P  C  P     8
```

G0000      TRANSACTION SUCCESSFULLY COMPLETED

BP-A0764                    **Notice of § 3621(E) Date** CDFRM
MAR 09
**U.S, DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| Memorandum For (DSCC)<br>DSCC/TEAM LIMA | |
|---|---|
| Thru (Warden)<br>C. V. Rivera, Warden | Date 3/28/14 |
| Subject (Inmate)<br>SCHNEIDER, NICHOLAS PAUL | Reg. No.<br>06919-017 |
| From (DAP Coordinator)<br>R. Winston, Ph.D., DAPC | Institution<br>FOM |

This memorandum serves to notify you of the inmate's admittance into the unit-based
component of the Residential Drug Abuse Program (RDAP) and of his/her provisional
eligibility for a sentence reduction under 18 U.S.C. § 3621(e).

The above named inmate entered the RDAP on    02/03/2014    .
                                                Date

This inmate ☑ **WILL COMPLETE** / ☐ **COMPLETED** the requirements of the unit-based
segment of the residential program on    12/11/2014    .
                                                         Date

Please adjust the inmate's current projected release date to reflect the 18 U.S.C.
§ 3621(e) release date. This adjusted § 3621(e) date is provisional, and may change.

cc:    Unit Team



Nicholas Schneider 06919-017
Federal Correctional Complex - medium
Forest City
P.O. Box 3000
Forrest City, Arkansas 72336

LEGAL MAIL

06919-017
Clerk Of Courts
US District Court
One N Palafox ST
2nd Floor
Pensacola, FL 32502
United States